### REGAL HOLDING CO. v. BERGER.

(Supreme Court, Appellate Term, First Department. June 10, 1915.)

1. VENDOR AND PURCHASER ⬥⟿44—CONTRACT—FALSE REPRESENTATIONS—SUFFICIENCY OF EVIDENCE.

In an action to recover sums expended by plaintiff in preparing to build on land which he later refused to take because the contract of purchase was vitiated by false representations of the seller that work previously done on the premises was fully paid for, evidence *held* insufficient to show the falsity of such representations.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 69–76; Dec. Dig. ⬥⟿44.]

2. CUSTOMS AND USAGES ⬥⟿19—EVIDENCE—MATERIALITY—FALSE REPRESENTATIONS BY VENDOR.

In an action to recover sums which plaintiff alleged he had spent in preparing to build upon premises which he refused to buy because in making the contract of sale the defendant had falsely represented that all work previously done on the premises had been paid for, where there was no evidence that any member of a labor union claimed to be unpaid for such previous work, evidence was inadmissible of the custom of labor unions to refuse to permit their members to work on premises for work on which other members were unpaid.

[Ed. Note.—For other cases, see Customs and Usages, Cent. Dig. §§ 41–43, 45, 46; Dec. Dig. ⬥⟿19.]

Appeal from City Court of New York, Trial Term.

Action by the Regal Holding Company against Morris Berger. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed, and new trial ordered.

⬥⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Argued May term, 1915, before GUY, LEHMAN, and WHITA-KER, JJ.

Mitchell May, of New York City, for appellant.

Henry Kuntz, of New York City (Abraham P. Wilkes, of New York City, of counsel), for respondent.

LEHMAN, J. The plaintiff entered into a contract for the purchase of a lot of land belonging to the defendant. At the time of closing the title the plaintiff refused to take the property, on the ground that a previous owner had built some foundations on the lot, and that some mechanics and materialmen had unpaid claims for work and materials furnished thereon. It does not appear, and it is not claimed, that any liens were filed against the property, or that the defendant is not in a position to convey good title in accordance with his contract.

The plaintiff, however, alleges that he entered into the contract to purchase these lots upon the false representation of the defendant that the work previously done upon the premises was fully paid for; whereas, in fact, there were considerable sums due to members of labor unions and of trade associations, and that such associations have a rule 'forbidding their members from engaging or rendering any work, labor, or services, or furnishing any materials, upon any building, unless and until all persons who had theretofore rendered work or furnished materials have been paid in full. Upon these allegations the plaintiff has recovered a judgment for all sums which he spent in reliance upon the representations of the defendant, and especially in preparing to erect a building on the lot.

[1] At the trial some evidence was produced that the defendant had made the representations alleged in the complaint, and, though that evidence is by no means convincing, it would, I think, be sufficient to sustain a finding on this issue. There is, however, not the slightest competent evidence that the representations were false. It is true that the plaintiff claims that he told the defendant that he could not get contractors to bid on his plans, because they said that the foundations were not paid for; but this testimony is, of course, only hearsay, and its truth was never admitted, either expressly or impliedly, by words or attitude of the defendant.

[2] Moreover, the plaintiff was permitted to introduce testimony as to the custom of labor unions in refusing to permit their members to work so long as any other members were unpaid for work done on the same premises. Conceding, without deciding, that this testimony could ever be material under the pleadings, it certainly is not material, where there is not a scintilla of evidence that any member of a labor union even claims to be unpaid.

Judgment should be reversed, and a new trial ordered, with costs to appellants to abide the event. All concur.